**IN THE UNITED STATES BANKRUPTCY COURT**
**Eastern District of Virginia**
**Richmond Division**

In re: Frank Virgil Perkins  
AKA Frank Virgil Perkins, Jr.  
Debtor

Case No. 16-32929-KLP  
Chapter 13

Address: 4384 Three Bridge Road  
Powhatan, VA 23139

Last four digits of Social Security No:   xxx-xx-6018 (Debtor)

**NOTICE OF OBJECTION TO CLAIM**

The above named Debtor has filed an Objection to Claim in this bankruptcy case.

**Your claim may be reduced, modified or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to eliminate or change your claims, then no later than 30 days from the date of this notice, you or your attorney must:

File with the Court a written response to the objection, explaining your position, at:

> Clerk of Court  
> United States Bankruptcy Court  
> 701 E. Broad Street, Room 4000  
> Richmond, VA 23219

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

You must also send a copy to:

> Boleman Law Firm, P.C.  
> P.O. Box 11588  
> Richmond, VA 23230-1588

Mark C. Leffler (VSB #40712)  
Boleman Law Firm, P.C.  
2104 W. Laburnum Ave., Suite 201  
Richmond, VA 23227  
Telephone (804) 358-9900  
Counsel for Debtors

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

Dated: January 16, 2017						BOLEMAN LAW FIRM, P.C.
								Counsel for Debtor


							By:	/s/ Mark C. Leffler
								Mark C. Leffler (VSB #40712)
								Boleman Law Firm, P.C.
								P.O. Box 11588
								Richmond, VA  23230-1588
								Telephone (804) 358-9900
								Counsel for Debtor

## CERTIFICATE OF SERVICE

I certify that on January 16, 2017 a copy of the foregoing has been sent to the Chapter 13 Trustee via the Court's CM/ECF system and mailed via first class mail to the following:

American Honda Finance Corporation
c/o CT Corporation System, Reg. Agent
4701 Cox Road, Suite 285
Glen Allen, VA 23060

American Honda Finance Corporation
PO Box 168088
Irving, TX 75016-8088

Frank V. Perkins
4384 Three Bridge Road
Powhatan, VA 23139

							/s/ Mark C. Leffler
							Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re: Frank Virgil Perkins | Case No. 16-32929-KLP |
| AKA Frank Virgil Perkins, Jr. | Chapter 13 |
| Debtor | |

### OBJECTION TO CLAIM NO. 2-1 AND MEMORANDUM IN SUPPORT THEREOF

Frank V. Perkins ("Debtor"), by counsel, files this Objection to the Proof of Claim (Claim No. 2-1) filed by American Honda Finance Corporation, pursuant to 11 U.S.C. § 502, Federal Rules of Bankruptcy Procedure 3001, 3007 and 9014, and Local Bankruptcy Rules 3007-1 and 9013-1.  In support thereof, Debtor respectfully states the following:

### Jurisdiction

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor, a Chapter 13 case having been filed in this Court on June 10, 2016.

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

### Parties

4. Frank V. Perkins (hereinafter "Debtor") is the debtor in this case.

5. Respondent American Honda Finance Corporation (hereinafter "American Honda") is a corporation registered with the Virginia State Corporation Commission that

Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Telephone (804) 358-9900
Counsel for Debtors

filed a proof of claim in the instant case.

## Facts

6. American Honda's Proof of Claim ("the Claim"), sets forth its claim as follows: Unsecured in the amount of $6,434.97. Further, the Proof of Claim indicates the debtor may have scheduled the debt as "Onemain Financial, Inc."

7. Part 2, number 7 of the Proof of Claim form requires claimants to state whether the claim amount includes "interest or other charges". American Honda answered this question, "yes".

8. Part 2, number 7 of the Proof of Claim for further instructs claimants who answered in the affirmative, as American Honda did, to "Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A)".

9. In Part 2, number 8, American Honda indicated the basis for the claim is "Lease Deficiency".

10. American Honda did not attach a statement to the Claim itemizing interest, fees, expenses, or other charges.

11. Debtor listed a debt to American Honda in his Schedules in the amount of $1,500.00, nearly $5,000.00 less than American Honda asserted in its Claim.

12. Debtor denies the accuracy of the amount allegedly owed and specifically alleges that it fails to accurately state the principal balance, the interest thereon, and the fees that have been charged.

## Discussion

13. Pursuant to 11 U.S.C. § 502(a), a claim is "deemed allowed, unless a party in interest . . . objects."

14. Pursuant to 11 U.S.C. § 502(b)(1), where an objection is made to a claim, the Court "shall determine the amount of such claim . . . and shall allow such claim in

such amount, except to the extent that . . . [ ] such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . . "

15. Federal Rules of Bankruptcy Procedure 3001(f) states: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim".

16. Pursuant to Federal Rules of Bankruptcy Procedure 3001(c)(2)(A), "If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim."

## Argument

17. Debtor hereby objects to American Honda's Claim to the extent the claim amount differs from the $1,500.00 the Debtor stated in his Schedules, because American Honda is charging interest and fees without disclosing same.

18. Debtor hereby objects to American Honda's Claim to the extent the claim amount differs from the $1,500.00 the Debtor stated in his Schedules, because Debtor is unable to determine the basis for the difference between the claim amount and the amount stated in his Schedules because American Honda has failed to attach an itemization of interest, fees, expenses, or other charges, as required by Rule 3001(c)(2)(A).

19. If the debt includes interest or other fees which have not been disclosed or itemized, under Federal Rules of Bankruptcy Procedure 3001(c)(2)(D), American Honda's claim should be disallowed, and this Court should award other appropriate relief, including reasonable expenses and attorneys' fees.

WHEREFORE, Debtor respectfully requests that the Court sustain this Objection to American Honda's Claim, disallow the Claim to the extent the claim amount differs from the $1,500.00 in Debtor's Schedules, and order such other and further relief as is just and proper.

        Respectfully submitted,
        **Frank V. Perkins**
        By Counsel

By:   /s/ Mark C. Leffler
      Mark C. Leffler (VSB #40712)
      Boleman Law Firm, P.C.
      P.O. Box 11588
      Richmond, VA  23230-1588
      Telephone (804) 358-9900
      Counsel for Debtor

## CERTIFICATE OF SERVICE

I certify that on January 16, 2017 a copy of the foregoing has been sent to the Chapter 13 Trustee via the Court's CM/ECF system and mailed via first class mail to the following:

American Honda Finance Corporation
c/o CT Corporation System, Reg. Agent
4701 Cox Road, Suite 285
Glen Allen, VA 23060

American Honda Finance Corporation
PO Box 168088
Irving, TX 75016-8088

Frank V. Perkins
4384 Three Bridge Road
Powhatan, VA 23139

        /s/ Mark C. Leffler
        Counsel for Debtor