**IN THE UNITED STATES BANKRUPTCY COURT**
**Eastern District of Virginia**
**Richmond Division**

| | |
|---|---|
| **In re: Frank Virgil Perkins** | Case No. 16-32929-KLP |
| **AKA Frank Virgil Perkins, Jr.** | Chapter 13 |
| **Debtor** | |

Address: 4384 Three Bridge Road
         Powhatan, VA 23139

Last four digits of Social Security No:      xxx-xx-6018 (Debtor)

## NOTICE OF OBJECTION TO CLAIM

The above named Debtor has filed an Objection to Claim in this bankruptcy case.

**Your claim may be reduced, modified or eliminated.** **You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to eliminate or change your claims, then no later than 30 days from the date of this notice**,** you or your attorney must:

File with the Court a written response to the objection, explaining your position, at:

> Clerk of Court
> United States Bankruptcy Court
> 701 E. Broad Street, Room 4000
> Richmond, VA 23219

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

You must also send a copy to:

> Boleman Law Firm, P.C.
> P.O. Box 11588
> Richmond, VA 23230-1588

Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtor

    If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

Dated: January 16, 2017                   BOLEMAN LAW FIRM, P.C.
                                                  Counsel for Debtor

                                  By:   /s/ Mark C. Leffler
                                            Mark C. Leffler (VSB #40712)
                                            Boleman Law Firm, P.C.
                                            P.O. Box 11588
                                            Richmond, VA  23230-1588
                                            Telephone (804) 358-9900
                                            Counsel for Debtor

## **CERTIFICATE OF SERVICE**

    I certify that on January 16, 2017 a copy of the foregoing has been sent to the Chapter 13 Trustee via the Court's CM/ECF system and mailed via first class mail to the following:

Midland Funding, LLC
c/o Corporation Service Co., Reg. Agent
Bank of America Center, 16th Floor
1111 E. Main Street
Richmond, VA 23219

Midland Credit Management, Inc.
as agent for Midland Funding, LLC
PO Box 2011
Warren, MI 48090

Frank Virgil Perkins
4384 Three Bridge Road
Powhatan, VA 23139

                                                      /s/ Mark C. Leffler
                                                      Counsel for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
Eastern District of Virginia
Richmond Division

In re: Frank Virgil Perkins  
AKA Frank Virgil Perkins, Jr.  
Debtor

Case No. 16-32929-KLP  
Chapter 13

### OBJECTION TO CLAIM NO. 5-1
### AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW, Frank Virgil Perkins, by counsel, and files this Objection to the Proof of Claim (Claim No. 5-1) filed by Midland Funding, LLC ("Midland") pursuant to 11 U.S.C. § 502, Federal Rules of Bankruptcy Procedure 3001, 3007 and 9014, and Local Bankruptcy Rules 3007-1 and 9013-1.  In support thereof, Debtor respectfully states the following:

### Jurisdiction

1.  Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtors, a chapter 13 case having been filed in this Court on June 10, 2016.

2.  This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3.  Venue is proper pursuant to 28 U.S.C. §1409.

### Parties

4.  Frank Virgil Perkins (hereinafter "Debtor") is the debtor in this case.

Mark C. Leffler (VSB #40712)  
Boleman Law Firm, P.C.  
P.O. Box 11588  
Richmond, VA 23230-1588  
Telephone (804) 358-9900  
Counsel for Debtor

5. Respondent Midland is a limited liability company registered with the Virginia State Corporation Commission that filed a proof of claim in the instant case.

### The Proof of Claim At Issue

6. The Claim objected to herein is as follows:

| Claimant | Claim No. | Status | Amount |
|---|---|---|---|
| Midland | 5-1 | Nonpriority unsecured | $538.60 |

7. On October 13, 2016, Midland filed its proof of claim designated by the Court as Claim 5-1 ("the Claim"). An attachment to Midland's Proof of Claim purporting to be an account ledger set forth the following information: (1) that Midland Funding, LLC is the "Current Creditor"; (2) that Synchrony Bank was the "Original Creditor", (3) that the entire amount owed is principal and interest, and that $0.00 in fees or other charges are embedded in the claim amount, and (4) that "THIS DATA REFLECTS THE FEES AND ACCRUED INTEREST ITEMIZED BY SYNCHRONY BANK AT THE TIME OF CHARGE-OFF OF THE BALANCE BY SYNCHRONY BANK.".

8. Although Midland's Claim asserted that no fees or other charges are included in the claim amount, the claim relates to credit contracts on which fees are regularly assessed.

9. Additionally, prior to filing the claims, Midland had been found to have been regularly misrepresenting that claims filed on Synchrony Bank credit card debt included no interest when Midland knew that they did. Midland represented to this Court that it would solve that problem and file accurate claims. Thus, Midland was especially aware of the need to accurately state whether these claims included fees.

10. On October 13, 2016, in the case of *In re Rachel R. Maddux*, Case No.

15-33574-KRH, this Court was presented with evidence that established that Midland does not obtain from Synchrony Bank the data regarding what, if any, fees are included in the amount at charge-off for claims originally scheduled as due Synchrony Bank. See *In re Rachel R. Maddux*, Case No. 15-33574-KRH, Transcript p. 127, line 24 through p. 128, line 6. Accordingly, although Midland's Claim asserted that no fees were included in the claim amount, Midland knows that it possesses no information from which to determine the truth of the amount of fees included in the claim amounts, and, as such, this is a false statement made under penalty of perjury.

11. Furthermore, testimony in the *Maddux* case established that Midland's business development department falsely represents that an account data line from Synchrony Bank about zero "costs" is an account data line about fees embedded in the claim amount even when Midland has information showing that some fees are embedded in the claim amount.  Consequently, the claim that the $0.00 of fees comes from "THE FEES . . . ITEMIZED BY SYNCHRONY BANK AT THE TIME OF CHARGE-OFF OF THE BALANCE BY SYNCHRONY BANK" is a further false statement made under penalty of perjury.

12. Midland's Claim does not attach any account-level documents.

### First Objection to Claim

13. Because of Midland's standardized practice of falsely attesting under oath that debts include no fees when Midland knows it has no information regarding the amount of fees embedded in the claim amounts, because that practice also includes knowingly misrepresenting that this data is provided to Midland by Synchrony Bank when it is not, and because the debts were for credit on which fees are normally

Document    Page 6 of 8

charged, Debtor denies that the amount claimed by Midland does not include fees.

14. Because of its standard practice of knowingly filing false sworn statements, then once Debtor proves that Midland knowingly had no basis for its claim that the debt include no fees or proves the debt include fees, under Federal Rules of Bankruptcy Procedure 3001(c)(2)(D), Midland's claim should be disallowed, and this Court should award other appropriate relief, including reasonable expenses and attorneys' fees.

## **Second Objection to Claim**

15. Debtor did not list a debt to Midland in the Schedules, and Debtor denies owing this debt to Midland and requests strict proof thereof.

16. Debtor hereby requests that Midland provide the writings on which the claim is based, specifically including the credit contracts and any modifications thereto, and the writings upon which Midland bases its claim to own this debt.

17. Based on the testimony of its employees in the *Maddux* matter, Midland is not prepared to provide either of these writings when requested by an interested party to do so. Instead, its normal practice is merely to provide the documents such as a Bill of Sale, a Purchase Price Reconciliation Statement, and an Affidavit lacking account-level information, along with a "Last Payment Statement", a "Charge-Off Statement", and a Seller Data Sheet. Those documents are not the writings on which the claim is based.

18. If Midland will not provide both of the writings requested herein or a statement of the circumstances of the loss or destruction of these writings within thirty days, then under Federal Rules of Bankruptcy Procedure 3001(c)(2)(D), Midland's

claims should be dismissed, and this Court should award other appropriate relief, including reasonable expenses and attorneys' fees.

19.  Debtor specifically asserts, pursuant to 11 U.S.C. § 502(b)(1) and (9), that Midland cannot enforce this debt against him.

WHEREFORE, Debtor respectfully requests that the Court sustain this Objection to Claim, disallow the claim, order appropriate sanctions against Midland including the Debtor's reasonable attorney fees and expenses, and order such other and further relief as is just and proper.

Respectfully submitted,
**Frank Virgil Perkins**
By Counsel

/s/ Mark C. Leffler
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Telephone (804) 358-9900
Counsel for Debtor

## **CERTIFICATE OF SERVICE**

      I certify that on January 16, 2017 a copy of the foregoing has been sent to the Chapter 13 Trustee via the Court's CM/ECF system and mailed via first class mail to the following:

Midland Funding, LLC
c/o Corporation Service Co., Reg. Agent
Bank of America Center, 16th Floor
1111 E. Main Street
Richmond, VA 23219

Midland Credit Management, Inc.
as agent for Midland Funding, LLC
PO Box 2011
Warren, MI 48090

Frank Virgil Perkins
4384 Three Bridge Road
Powhatan, VA 23139

                                          /s/ Mark C. Leffler
                                          Counsel for Debtor